IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

```
TERESITA GONZALEZ, et al.,     )
                               )    Civ. No. 06-1056-SU
        Plaintiffs,            )
                               )    FINDINGS AND RECOMMENDATION
     v.                        )
                               )
SELECT ONION CO., LLC,         )
                               )
        Defendant.             )
_____
```

**SULLIVAN, Magistrate Judge:**

Plaintiffs bring this action against defendant Select Onion Co., claiming violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a)(1); and Oregon statutes, Or. Rev. Stat. §§ 653.261, 653.265, and 652.150. Plaintiffs claim that defendant failed to pay overtime wages due plaintiffs when they processed onions that were not grown by defendant.

Plaintiffs move for notice to similarly situated employees under the FLSA, and for class certification under Federal Rule of Civil Procedure 23. The motion for notice of a collective action under the FLSA should be granted, and the motion to certify the

1 - FINDINGS AND RECOMMENDATION

class under Rule 23 should be denied.[1]

## BACKGROUND

Plaintiffs allege that they are former or current employees of defendant, and that defendant failed to pay overtime wages when due.  A U.S. Department of Labor investigation has determined that defendant's employees were not exempt from overtime requirements when they were processing onions grown by other farmers.  See 29 C.F.R. § 780.158(c) (overtime exemption for agricultural workers under the FLSA applies only when work is performed "on the products produced or raised by the particular farmer or on the particular farm").  Plaintiffs assert that similarly situated employees who should be notified include all non-supervisory employees who worked for defendant on an hourly basis at defendant's Ontario storage facility and processing plant when defendant was processing onions grown by other farmers at any time from January 1, 2003 and the present.

## DISCUSSION

### I. Certifying a Collective Action under the FLSA

The FLSA allows similarly situated employees to bring a "collective action," which is more efficient than filing and consolidating small separate claims.  Sheffield v. Orius Corp., 211 F.R.D. 411, 416 (D. Or. 2002) (citing 29 U.S.C. § 216(b) and

---

[1] "A decision to certify a class is considered a 'dispositive motion' for purposes of [Fed. R. Civ. P. 72]." Sheffield v. Orius Corp., 211 F.R.D. 411, 412 (D. Or. 2002)

2 - FINDINGS AND RECOMMENDATION

Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989)). To become a party plaintiff to a collective action, a person must consent in writing, and the consent must be filed in the court in which the action is brought. Id. Potential plaintiffs who do not opt in are not bound by the results of the collective action. Fichtner v. American Family Mut. Ins. Co., 02-6284-HO, 2004 WL 3106753, at *8 (D. Or. Mar. 1, 2004).

In deciding whether to certify a collective action, this court uses a two-tiered analysis to determine whether the employees in question are "similarly situated." McElmurry v. US Bank Nat'l Ass'n, Civ. No. 04-642-HU, 2006 WL 3908536, 12 Wage & Hour Cas. 2d (BNA) 297, 299 (D. Or. Dec. 8, 2006). The level of scrutiny depends on how much discovery the parties have completed. Under the first tier, the court determines, based on "minimal evidence," whether potential class members should be given notice of the action. Id. (citing Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)). The plaintiffs must show only "'substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" Id. (quoting Brown v. Money Tree Mortgage, Inc., 222 F.R.D. 676, 682 (D. Kan. 2004)). The tier one determination "results in 'conditional certification' of a representative class that allows members of the putative class to 'opt-in.'" Id. at 300 (citing Hipp, 252 F.3d at 1218). The

3 - FINDINGS AND RECOMMENDATION

court makes the second tier determination after discovery is largely complete, deciding whether the possible class members are similarly situated to the named representative.  Id.

Plaintiffs seek to notify about 200 other employees of defendant.  Plaintiffs state that because discovery is not complete, they cannot narrow the scope of the notification to cover only those employees who worked more than forty hours per week or ten hours per day, and were processing onions from other farmers.

Plaintiffs have met the minimal requirements of the first tier analysis, and therefore notice of a collective action should be sent to potential plaintiffs.  Plaintiffs have sufficiently alleged that other employees were similarly situated because the employees were all subject to defendant's alleged policy of failing to pay overtime when due.

The parties have agreed to stipulate to a form of notice. Until discovery is complete, a tier one notice to potential plaintiffs is appropriate.

## II.  Class Certification under Rule 23

Plaintiffs also seek class certification under Federal Rule of Civil Procedure 23.  Rule 23(a) provides:

> (a) Prerequisites to a Class Action.  One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative

parties are typical of the claims or defenses of the
class, and (4) the representative parties will fairly
and adequately protect the interests of the class.

In addition to the meeting the four requirements of Rule 23(a), the plaintiffs must also satisfy at least one of the following three conditions:

> (1) the prosecution of separate actions would create a risk of: (a) inconsistent or varying adjudications or (b) individual adjudications dispositive of the interests of other members not a party to those adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

<u>Dukes v. Wal-Mart, Inc.</u>, 474 F.3d 1214, 1224 (9th Cir. 2007) (citing Fed. R. Civ. P. 23(b)).  The party seeking class certification bears the burden of showing that the requirements for certification are met.  <u>Id.</u>  District courts have broad discretion under Rule 23 in deciding whether to certify a class, and in modifying or reconsidering class certification throughout the litigation.  <u>Id.</u> at 1223.

I conclude that it would be premature to certify the class. Further discovery should narrow the number of potential class members.  Defendant also points to possible problems caused by defendant's settlement with the U.S. Department of Labor, which could preclude covered employees from receiving FLSA damages in this action.  Without evaluating defendant's arguments, I

5 - FINDINGS AND RECOMMENDATION

recommend denying certification at this time with leave to renew.

## CONCLUSION

The Motion to Certify the Class and for Notice under FLSA (#18) should be granted in part and denied in part. The Motion for Notice under the FLSA should be granted. The Motion to Certify the Class should be denied, with leave to renew after further discovery.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due June 4, 2007. If no objections are filed, review of the Findings and Recommendation will be under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date objections are filed.

DATED this 17th day of May, 2007.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
U.S. MAGISTRATE JUDGE

6 - FINDINGS AND RECOMMENDATION